SO ORDERED: July 14, 2010.




Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEREMIE MICHAEL JOHNSON | ) | CASE NO. 09-13735-AJM-7 |
| | ) | |
|     Debtor | ) | |
| | ) | |
| DOUGLAS OREBAUGH | ) | Adversary Proceeding |
| | ) | No. 10-50170 |
|     Plaintiff | ) | |
|               vs. | ) | |
| | ) | |
| JEREMIE MICHAEL JOHNSON | ) | |
| | ) | |
|     Defendant | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Douglas Orebaugh, the Plaintiff, ("Orebaugh" ) commenced this adversary proceeding by filing his Complaint to Determine Dischargeability (the "Complaint") on March 29, 2010, alleging the debt owed by Jeremie Johnson ("Johnson") is

1

nondischargeable under 11 U.S.C. §523(a)(2), (4) and (6).  Johnson has moved to dismiss the Complaint on the basis that it was untimely filed.  For the reasons stated below, the Court dismisses the complaint.

### *Background*

Orebaugh loaned $150,000 to Johnson and Brian Gatewood to finance Johnson's Daily Brew, Inc. (the "Company"), a coffee business.  To secure payment of the loan, Orebaugh took a lien in the Company's assets.  The promissory note and the security agreement executed in connection with the loan contained paragraph 7 which provided:

>       7)      Income Participation - in addition, [Johnson and Gatewood] promise to pay [Orebaugh] five thousand dollars ($5000) on each building sale to a non-affiliated third party, such payment due with (sic) three (3) business days from receipt ~~of funding for such sale~~ of down payment.

Orebaugh sued Johnson and Gatewood in the Hendricks Circuit Court (the "State Court") for breach of contract and criminal conversion due to their alleged failure to remit to Orebaugh his income participation shares on down payments for sixty (61) buildings.  Orebaugh was awarded judgment in the amount of $107,668.92 on August 22, 2007.  Johnson filed his chapter 7 case on September 17, 2009.

Johnson listed Orebaugh on his bankruptcy Schedule D ("creditors holding secured claims") which also included notice to three different law firms that had represented Orebaugh as well as notice to the State Court.  The §341 meeting notice issued on September 19, 2009 clearly provided that December 29, 2009 was the deadline in which to file a complaint objecting to discharge under §727 [1] or to determine

---

[1] All section references are to the bankruptcy code found at Title 11 of the United States Code.

the dischargeability of certain debts under §523. Orebaugh, by counsel, timely moved for and was granted up to and including March 1, 2010 in which to file a complaint to determine the Dischargeability of certain debts under §523.[2] The United States Trustee (the "UST") likewise moved for and was granted up to March 29, 2010 in which to file a complaint objecting to discharge under §727.

Orebaugh neither filed a §523 complaint nor moved for an additional extension in which to file one by March 1, 2010. Rather, Orebaugh filed his §523 complaint on March 29, 2010. Johnson has moved to dismiss the Complaint on the grounds that it was untimely filed.

### *Discussion*

### *Fed. R. Bankr. P. 4007(c) Deadline*

A creditor wishing to file a complaint to determine dischargeability of a particular debt under §523(a)(2), (4) or (6) in a chapter 7 case must either file the complaint or a motion to extend the time to file the complaint within sixty (60) days of the first scheduled §341 meeting. Fed. R. Bankr. P. 4007(c).[3] Here, Orebaugh timely filed an

---

[2] Orebaugh's complaint alleges nondischargeability under §523(a). Fed R. Bankr. P 4007 is the procedural rule which addresses the time limits under which §523 complaints are to be filed. The Court simply points out that Johnson's papers in support of his motion to dismiss refer solely to §727 regarding a complaint objecting to the discharge of all a debtor's debts, and its procedural counterpart, Fed. R. Bankr. P. 4004(a), even though Orebaugh asserts no §727 allegations. Nonetheless, Rules 4004 and 4007 are substantively identical in that they both follow the same 60-day time limit, and thus, cases under both §727 and Rule 4004 are instructive.

[3] That rule provides:
(C) TIME FOR FILING COMPLAINT UNDER §523(C) IN A CHAPTER 7 LIQUIDATION....; NOTICE OF TIME FIXED. Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

3

extension to file his §523 complaint but failed to file an additional extension or a complaint within the extension period granted. He argues that Rule 4007(c) is not jurisdictional and thus the untimely filed §523 complaint should be allowed on grounds of excusable neglect.

### *Fed. R. Bankr. P. 9006(b), Excusable Neglect and Other Limitations*

Certain deadlines established by the Bankruptcy Code and Rules can be extended even if the extension is requested outside the expiration deadline, as long as the failure to act before the deadline is due to "excusable neglect". Fed. R. Bankr. P. 9006(b) provides:

> (b) ENLARGEMENT.
> (1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

However, the 60 day rule set forth in Rule 4007(c) is one of the time periods that cannot be extended *by a motion or complaint filed after* the expiration deadline, *even if excusable neglect is shown*. Rule 9006(b)(3) provides:

> (3) ENLARGEMENT GOVERNED BY OTHER RULES. The Court may enlarge the time for taking action under Rules....4004(a) , 4007(c)..only to the extent and under the conditions stated in [that] rule. ..

The condition stated under Rule 4007(c) is that a §523 complaint must be filed no later than 60 days after the first scheduled §341 meeting or within the time by which that period had been extended by timely filed motion. Notably, the rule does not mention "excusable neglect" and does not provide that an untimely filed §523 complaint can be

4

allowed upon showing of excusable neglect. Thus, the "excusable neglect" standard does not apply to Rule 4007(c) and the court does not have the discretion to allow an untimely §523 complaint due to the filer's "excusable neglect". *In re Young*, 425 B.R. 811, 817 (Bankr. E. D. Tex. 2010); see also, *In re Weinberg*, 197 Fed. Appx. 182, 2006 WL 2673252 (C.A. 3 (Pa.)); see also, *In re Meo*, Case No. 05-10410-AJM-7A (S.D. Ind. January 17, 2006).

### *Consideration of Equitable Factors Other than Excusable Neglect*

Lack of an "excusable neglect" argument, however, does not end the inquiry. Rule 4004(a) adopts a 60 day time limit rule for filing §727 complaints, as does Rule 4007(c) does for filing §523 complaints. Rule 4004(a) is one of the exceptions set forth in Rule 9003(b)(3), as is Rule 4007(c). Like Rule 4007(c), a filer cannot rely on "excusable neglect" in order to allow an untimely §727 complaint to stand under Rule 4004(a). However, Rule 4004(a) is not jurisdictional, but rather a "claims processing rule" whereby issues of an untimely filed cause of action could be waived if not made before adjudication of the matter on the merits. *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed.2d 867 (2004). [4]

The finding that Rule 4004 (and thus, by implication, Rule 4007(c), since it is

---

[4] In *Kontrick*, a creditor timely filed a §727 complaint, but, without leave of court, amended the complaint after the 60 day deadline to assert a new cause of action alleging that the debtor had fraudulently transferred money to his wife by removing his name from the account (the "family account claim"). The debtor/defendant answered the amended complaint but failed to raise the untimely filing of the family account claim as an affirmative defense. The creditor moved for summary judgment and the debtor did not move to strike the family account claim. Summary judgment was awarded in favor of the creditor on the family account claim. The debtor moved for relief from that judgment and raised the untimeliness issue for the first time at that stage. The Supreme Court of the United States held that the 60 day rule in Rule 4004(a) operated like a statute of limitations but was not jurisdictional. Thus, the untimeliness defense (although available) could be waived if not raised before adjudication on the merits. 540 U.S. at 447.

5

substantively equivalent to Rule 4004) is not jurisdictional does allow courts some discretion in allowing late filed § 727 and §523 claims but that allowance is based on consideration of such equitable principles as waiver, estoppel or the equitable tolling of the statute of limitations.  The "equitable" exceptions allowed to be raised stem from the actions *of a party other than the filer*, *not* from the filer's "excusable neglect".  See, *In re Maughan*, 340 F.3d 337 (6th Cir. 2003)(court allowed §523 complaint, filed three days late, to proceed, due to the debtor's failure to produce documents as promised); *In re Widner*, 2010 WL 1427300 (Bankr. E. D. Tenn. 2010)(debtor estopped from raising untimeliness defense due to debtor's initial agreement that judgment be entered against her); *In re Barnett*, 265 Fed.Appx. 265, 2008 WL 345507 (C.A. 5 (Tex)) (time to file a §523 complaint was *not* equitably tolled where the late filed complaint was due to the *creditor's* mis-calendaring of the deadline and not due to any misconduct by the debtor).

### *Prejudice to Johnson*

Orebaugh argues that allowing his late-filed complaint will not prejudice Johnson, as the deadline by which the UST has to file its §727 complaint has not yet expired (thus presuming that, since Johnson's discharge will be challenged by the UST, what's one more complaint going to matter?)   Prejudice to the party seeking dismissal of the complaint is a factor considered in whether to equitably toll the §523 complaint deadline. [5]  Allowing the complaint here to stand prejudices Johnson because it deprives him of a defense.  See, *Rufenacht, Bromagen and Hertz v. Russell*, 69 B. R.

---

[5] Among the factors considered in determining whether the complaint deadline should be equitably tolled are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) *absence of prejudice to the defendant*; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.  *Maughan*, 340 F.3d at 344.

394, 395 (D. Kan. 1987) (allowing creditor to amend §727 complaint by adding untimely §523(a)(2) count was "clearly prejudicial to the debtor, who is effectively deprived of a defense"); *In re VIlla,* 2007 WL 397373 at *4 (Bankr. D. Kan.) (Trustee's delay in amending complaint which included new count alleging creditor's sale of mobile home to debtor was fraudulent transfer was prejudicial to creditor who was "effectively deprived of a defense").

Here, Orebaugh cannot rely on his "excusable neglect" in failing to timely file his §523 complaint. Nor has Orebaugh demonstrated any conduct on the part of Johnson that suggests Johnson has waived his right to raise the untimeliness defense, that he should be estopped from raising the defense, or any other act of Johnson's that warrants the equitable tolling of the deadline. Included in Orebaugh's failure to show why the deadline should be equitably tolled is the prejudice to Johnson if Orebaugh's complaint is allowed to proceed. The Court finds no basis to allow Orebaugh's untimely filed §523 complaint, and thus, Johnson's motion to dismiss is GRANTED.

# # #

Richard M. Malad/ Michael J. Blinn, Attorneys for Plaintiff, Douglas Orebaugh
Ryan S. Wright, Attorney for the Defendant, Jeremie Johnson
Case Trustee